UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MULTIUT CORPORATION, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 04 C 8283 |
| DYNERGY, INC. and | ) Judge John W. Darrah |
| DYNERGY MARKETING & TRADE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Multiut Corporation, filed suit against Defendants, Dynergy, Inc. and Dynergy Marketing and Trade, alleging price-fixing in violation of the Sherman Antitrust Act and the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFDTPA") and common law fraud based on the alleged price-fixing. Presently pending before the Court is Defendants' Motion to Dismiss. Defendants contend that the Complaint should be dismissed because it states compulsory counterclaims that Multiut should have filed, pursuant to Federal Rule of Civil Procedure 13(a), in a previously filed case.

## BACKGROUND

The allegations in this Complaint (the "Second Lawsuit") and the complaints previously filed in *Dynergy Marketing & Trade v. Multiut Corp., et al.*, (the "First Lawsuit") support the following summary of the purported conduct of the parties.

On October 16, 2002, Dynergy Marketing & Trade ("Dynergy") filed suit against Multiut Corp. and Nachson Draiman. This First Lawsuit, 02 C 7446, was assigned to Judge Nordberg of the Northern District Court of Illinois. Dynergy alleged that in January 1994, Multiut signed a

Natural Gas Sales Agreement with Dynergy (at that time known as Natural Gas Clearinghouse) for the purchase and sale of natural gas. Under the Agreement, Multiut acted as the authorized agent and representative of ultimate consumers and users of natural gas delivered to Multiut. In October 1995, Multiut and Draiman also executed a Guaranty, guaranteeing payment to Dynergy when due or upon demand as provided in the Agreement. Subsequently, Multiut breached the Agreement and Guaranty by failing to pay Dynergy for certain natural gas.

In December 2002, Dynergy filed an Amended Complaint alleging the same two claims of breach of the Agreement and breach of the Guaranty. In January 2003, Multiut and Draiman filed its Answer, Affirmative Defenses and Counterclaims to the Amended Complaint. Multiut and Draiman's counterclaims alleged breach of the Agreement based on Dynergy's alleged failure to provide natural gas at a fixed price, breach of confidentiality agreement, breach of an oral agreement to waive interest charges, and set-off for uncollectable accounts.

In December 2003, Dynergy filed a Third Amended Complaint. Dynergy again alleged a claim for breach of the Agreement and breach of the Guaranty. Dynergy also added Future Associates as a defendant and claims of fraudulent transfer in law and in fact against Multiut and Future Associates and a claim for breach of fiduciary duty. Dynergy alleged that Multiut illegally transferred approximately $2,000,000 to Future Associates when Multiut was indebted to Dynergy.

In January 2004, Multiut, Draiman, and Future Associates filed their Answer, Defenses, and Counterclaims to the Third Amended Complaint. Multiut, Draiman, and Future Associates pled the same counterclaims. In May 2004, Multiut, Draiman, and Future Associates filed their First Amended Answer, Defenses and Counterclaims to the Third Amended Complaint. Multiut,

Draiman, and Future Associates' counterclaims alleged breach of the Agreement to supply natural gas at a fixed price, breach of confidentiality agreement, breach of implied agreement through course of conduct, uncollectable accounts, price discrimination in violation of the Robinson-Patman Act, and breach of oral agreement to sell natural gas at the lowest price.

Fact discovery for the First Lawsuit, following several extensions, closed on September 15, 2004; expert discovery closed on December 17, 2004; depositions of the parties' experts closed on January 17, 2005; rebuttal expert discovery closed on February 15, 2005; and depositions of the rebuttal experts closed on March 15, 2005.

On December 23, 2004, Multiut filed the Second Lawsuit. Multiut alleges that Dynergy and other sellers of natural gas conspired to manipulate the index prices of natural gas sold in the United States by falsely reporting price and volume information on alleged trades to national publishers of price indices so that they would use the false data in determining the published index prices. The manipulated indices were used as a component of the price by which Dynergy sold its natural gas to Multiut, as well as others in the marketplace. The alleged price-fixing violated the Sherman Antitrust Act, the ICFDTPA, and constituted common law fraud.

## ANALYSIS

Federal Rule of Civil Procedure 13(a) requires a party defending against any claim to bring as a compulsory counterclaim "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." F. R. Civ. P. 13(a). The Rule operates under the doctrine of *res judicata* to bar a party from suing on a claim that should have been brought as a compulsory counterclaim in a prior action. *See Inforizons, Inc. v. VED Software Servs., Inc.,*

204 F.R.D. 116, 118 (N.D. Ill. 2001) (*Inforizons*). However, Rule 13(a) does not expressly bar a party from bringing an independent suit that it could have brought as a compulsory counterclaim in a pending action. Nevertheless, in the interest of judicial economy, a court will generally dismiss an action or stay its own proceedings if the suit before the court involves a compulsory counterclaim in another pending federal action. *See Inforizons*, 204 F.R.D. at 118.

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claimb. . . ." Fed. R. Civ. Proc. 13(a). The standard used in making this determination is the "logical relationship" test. The purpose of Rule 13(a) is judicial economy: "to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d 1068, 1073, (7th Cir. 1994) (*Price*). This is not a formalistic test. The court should consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual background." *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990) (*Burlington*). The inquiry is not "a wooden application of the common transaction label" but, rather, a careful examination of the factual allegations underlying each claim. *Burlington*, 907 F.2d at 711 (internal quotations and citations omitted).

In this Second Lawsuit, Plaintiff's claims arise from the alleged conduct of Dynergy with other non-defendant co-conspirators to artificially inflate the natural gas prices by falsely reporting price and volume information to certain publishers of the industry's natural gas indices. To the contrary, the First Lawsuit's claims arise from the Agreement and Guaranty entered into by the parties and alleged fraudulent conveyances by Multiut. The facts and legal theory are based on the existence of the Agreement and Guaranty and the alleged breach of such contracts

and the fraudulent conveyance of funds to avoid payment on the contracts. While both suits involve Dynergy's supplying natural gas, Multiut's present Second Lawsuit is based on conduct outside of the First Lawsuit; and the facts and legal theory involved in the two cases are distinct. Accordingly, Multiut's present suit is not a compulsory counterclaim to the First Lawsuit.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is denied.

Dated: April 13, 2005

JOHN W. DARRAH
United States District Judge